**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES E. BRYANT,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>A. L. PINEDA, Correctional Lieutenant,<br><br>        Defendant - Appellee. | No. 09-17055<br><br>D.C. No. 1:08-cv-01239-BTM-CAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Barry T. Moskowitz, District Judge, Presiding[**]

Submitted August 23, 2010[***]

Before:    LEAVY, HAWKINS, and THOMAS, Circuit Judges.

   James E. Bryant, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal due

process and state law claims arising from his placement in a single cell.  We have

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    Sitting by designation.

   [***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Bryant's due process claims related to correctional officer Pineda's failure to prevent or fully investigate other inmates' alleged theft of Bryant's property because Bryant had an adequate post-deprivation remedy under California law. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (random and unauthorized deprivations of property do not violate due process when a meaningful post-deprivation remedy is available).

The district court properly dismissed Bryant's due process claims concerning Pineda's alleged failure to follow prison regulations in investigating false accusations of sexual misconduct against Bryant because Bryant failed to allege facts implicating a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (protected liberty interest arises only when a restraint exceeds an inmate's sentence in "an unexpected manner" or imposes "atypical, significant deprivation on the inmate in relation to the ordinary incidents of prison life").

The district court also properly declined to exercise supplemental jurisdiction over Bryant's state law claims after dismissing his federal claims without leave to amend. *See* 28 U.S.C. § 1367(c)(3).

**AFFIRMED**.

09-17055